Filed 8/14/25  P. v. Rodriguez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PABLO JUAREZ RODRIGUEZ, <br><br> Defendant and Appellant. | F088992 <br><br> (Super. Ct. No. 21CM5710) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Dina Petrushenko, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P. J., DeSantos, J. and Fain, J.[†]

[†]      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# **INTRODUCTION**

Appellant Pablo Juarez Rodriguez plead guilty to two counts of forcible rape of a child under 14 years old (Pen. Code,[1] § 261, subd. (a)(2)).  He was sentenced to a stipulated term of 22 years in state prison.

On appeal, Rodriguez's appointed counsel filed a no-issue brief and requested that we exercise our discretion to independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436.  Counsel and this court also advised Rodriguez of his right to file a supplemental brief for us to consider.  Rodriguez did not file a response.

Following our review, we requested supplemental briefing from the parties as to whether the conduct credits awarded to Rodriguez at sentencing were accurate.

The parties agree that the trial court erred by treating 14 days of credit earned under section 4019.1 ("milestone credits") as actual days of custody.  They also agree that Rodriguez is entitled to 160 days of local conduct credit under the applicable limitations. Although the court correctly calculated the total number of local conduct credits, it incorrectly calculated the number of actual days in custody as 1,087 instead of 1,073.  As a result, the total presentence custody credits should be 1,233 days, not 1,247.  The abstract of judgment and minute order must be amended accordingly.

The People further identified two additional errors in the abstract of judgment. First, the offense in count 10 occurred in 2021, not "20214" as currently reflected in the abstract of judgment under the "YEAR CRIME COMMITTED" column of section one. Second, both of Rodriguez's convictions are violent felonies and should be marked as such in the "VIOLENT FELONY" column of section one of the abstract of judgment. We order the trial court to make these corrections.  The judgment is otherwise affirmed.

---

**1**     All further undefined statutory citations are to the Penal Code.

2.

## FACTUAL AND PROCEDURAL HISTORY

On August 16, 2024, Rodriguez was charged by first amended information with two counts of aggravated assault of a child under the age of 14 years old (§ 269, subd. (a)(1), (4), counts 1 & 2); seven counts of committing a lewd act upon a child (§ 288, subd. (a), counts 3–9); and two counts of forcible rape of a child under the age of 14 years old (§ 261, subd. (a)(2), counts 10 and 11).

On August 16, 2024, Rodriguez plead guilty to counts 10 and 11, in exchange for a stipulated prison term of 22 years. The remaining charges were dismissed by motion of the People.

On November 1, 2024, the trial court sentenced Rodriguez to 22 years in state prison. The court also imposed a requirement that Rodriguez register under section 290, provide blood and saliva samples, submit to mandatory AIDS testing, and imposed various fines and fees.

A timely notice of appeal followed.

### *The Oral Pronouncement of Judgment*

At sentencing, the trial court imposed a determinate prison term of 22 years, consistent with the parties' plea agreement. When discussing custody credits, the probation officer represented that Rodriguez "has an additional 14 days in milestone credits." The court determined that Rodriguez had accrued a total of 1,087 presentence credits and 160 good and work time credits, for a total of 1,247 credits.

## ANALYSIS

### I.  Correction of the Abstract of Judgment and Minute Order From Rodriguez's Sentencing Hearing is Required

The trial court awarded Rodriguez 1,087 days of actual presentence custody credits. This calculation erroneously included 14 days of "milestone credits" as though they were actual days of confinement. However, presentence custody credit under section 2900.5 includes only those days the defendant was in custody prior to sentencing.

(See generally, *People v. Adams* (2018) 28 Cal.App.5th 170, 180 [presentence custody credits include day of arrest and day of sentencing].) Milestone credits, in contrast, are postsentencing credits earned when an inmate completes rehabilitative, vocational, or educational programs while they are incarcerated. (See § 4019.1.) These credits are calculated and awarded solely by the Department of Corrections. (*Id*., subd. (a).)

Rodriguez was in custody from November 25, 2021, through November 1, 2024—a total of 1,073 days. He is therefore entitled to 1,073 days of actual custody credit, not 1,087. Both the sentencing minute order and the abstract of judgment must be corrected to reflect this.

Rodriguez was also awarded 160 days of conduct credit, consistent with the 15 percent limitation imposed by section 2933.1, subdivision (c), which applies to individuals convicted of violent felonies. (See §§ 667.5, subd. (c), 2933.1, subd. (a).) This award is accurate and does not require modification.

Accordingly, the total number of presentence credits that must be reflected on the abstract of judgment and sentencing minute order is 1,233 days.

In addition to these corrections, the People identified two other clerical errors in the abstract of judgment that must be addressed. First, the abstract incorrectly reflects the year of the offense in count 10 as "20214" under the "YEAR CRIME COMMITTED" column of section one. The correct year, as reflected in the record, is 2021.

Second, Rodriguez was convicted of two counts of forcible rape of a child under 14 years of age (§ 261, subd. (a)(2)), which is a violent felony under section 667.5, subdivision (c). However, the abstract fails to mark either offense as a "VIOLENT FELONY" in section one of the form.

Accordingly, we direct the trial court to prepare an amended abstract of judgment reflecting: (1) 1,073 days of actual custody credit; (2) a total of 1,233 days of presentence credit; (3) the correct offense year for count 10; and (4) the violent felony designations for both convictions in section one. We also direct the court to modify the

4.

minute order dated November 1, 2024, to reflect 1,073 days of actual custody credit, and a total of 1,233 days of presentence credit.

**DISPOSITION**

The judgment is affirmed.  The clerk of the Kings County Superior Court is directed to prepare an amended abstract of judgment that:  (1) reflects 1,073 days of actual custody credit; (2) reflects 1,233 days of total credit; (3) corrects the year of the offense in count 10 to 2021; and (4) indicates that both convictions are violent felonies in the "VIOLENT FELONY" column of section one.

The clerk of the Kings County Superior Court is also directed to amend the minute order dated November 1, 2024, to reflect 1,073 days of credit for time served and a total of 1,233 days.

The trial court shall forward a certified copy of the amended abstract of judgment to the appropriate entities.